**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANGELA ISABELLA, | : |
| | : |
| Plaintiff, | : |
| | : Case No.: 2:21-cv-1378 |
| v. | : |
| | : |
| ALL-STATE CAREER SCHOOL, INC., | : |
| | : COMPLAINT IN CIVIL ACTION |
| Defendant. | : |
| | : |
| | : |

Filed on Behalf of Plaintiff:
Angela Isabella

Counsel of Record for this Party:
**J.P. WARD & ASSOCIATES, LLC.**

Joshua P. Ward
Pa. I.D. No. 320347

J.P. Ward & Associates, LLC.
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Telephone:   (412) 545-3015
Fax No.:     (412) 540-3399
E-mail:      jward@jpward.com

1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANGELA ISABELLA, | : |
| Plaintiff, | : |
| v. | : Case No.: 2:21-cv-1378 |
| ALL-STATE CAREER SCHOOL, INC., | : |
| Defendant. | : |

**COMPLAINT IN CIVIL ACTION**

AND NOW, comes Plaintiff, Angela Isabella, by and through the undersigned counsel, J.P. Ward & Associates, LLC., and, specifically, Joshua P. Ward, Esquire, who files the within Complaint against Defendant, All-State Career School, Inc., of which the following is a statement:

**PARTIES**

1. Plaintiff, Angela Isabella (hereinafter "Ms. Isabella"), is an adult individual who currently resides at 5511 Highland Avenue, Irwin, Pennsylvania 15642.

2. Defendant, All-State Career School, Inc. (hereinafter "All-State"), is a corporation with a place of business located at 1200 Lebanon Road, #101, West Mifflin, Pennsylvania 15122.

**NATURE OF THE ACTION**

3. This action arises under the Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C. § 2000e *et seq.*, the Pennsylvania Human Relations Act 43 P.S. §§ 951-963 ("PHRA"), and the Age Discrimination in Employment Act 29 U.S.C. § 621, et seq ("ADEA").

**JURISDICTION AND VENUE**

4.     This Court has jurisdiction over Ms. Isabella's claims pursuant to 28 U.S.C. § 1331.

5.     Ms. Isabella is a resident and citizen of Pennsylvania, a substantial amount of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 25 U.S.C. § 1391(b).

6.     Ms. Isabella filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") regarding her allegations on or about January 14, 2021, under case number 533-2021-00618.

7.     On July 19, 2021, Ms. Isabella was issued a Notice of Right to Sue. The Complaint now timely follows.

**PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS**

8.     Ms. Isabella initiated employment with All-State on or about December of 1999.

9.     Ms. Isabella was most recently employed in the position of CDL Program Chair. The duties of this position included, but were not limited to, oversight of students, instructors and other staff, scheduling, developing curriculum, inputting grades and monitoring pass rates.

10.    Throughout her career with All-State, Ms. Isabella performed the duties of every position she held, including her most recent position as CDL Program Chair, successfully and has never received a negative performance review.

11.    Ms. Isabella was furloughed from her position on or about March of 2020 due to the COVID-19 pandemic.

12. On or about April of 2020, All-State held a meeting to discuss bringing employees back from the COVID-19 furlough.

13. Following this meeting, Ms. Isabella spoke with her coworker, Helen Blazanin (hereinafter, "Ms. Blazanin ") the director who worked beneath Ms. Isabella.

14. Ms. Blazanin informed Ms. Isabella that when All-State discussed bringing employees back from furlough, Ms. Isabella's familial status and age were identified as negative characteristics and were determinative in the decision not to bring Ms. Isabella back from furlough.

15. Ms. Blazanin further informed Ms. Isabella that All-State asserted that "the [grandchildren] would be a problem" insofar as Ms. Isabella's availability was concerned.

16. On or about July and August of 2020, Ms. Isabella contacted All-State in order to express her interest in returning to work.

17. All-State advised Ms. Isabella that the furlough period was on-going and did not give her return date.

18. Ms. Isabella continued to contact All-State regarding her return to work on or about October of 2020.

19. Allstate informed Ms. Isabella at this time that All-State "is not bringing furloughed people back" and that her employment was terminated after more than two decades of dedication to the company.

20. Thereafter, upon information and belief, All-State brought back employees who had been furloughed on or about the same time as Ms. Isabella.

21. All-State replaced Ms. Isabella's position with less-experienced individuals, the vast majority of whom are younger than Ms. Isabella, are male, and are without children.

## COUNT I
### SEX AND FAMILIAL STATUS DISCRIMINATION
### IN VIOLATION OF TITLE VII AND THE PHRA

22. Ms. Isabella incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

23. Under Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), it is illegal for an employer to "fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.S. §2000e-2(a)(1).

24. When analyzing a claim of discrimination under Title VII, a plaintiff must show: "(1) she is a member of a protected class; (2) she was qualified for the position she sought to attain or retain; (3) she suffered an adverse employment action; and (4) either similarly-situated non-members of the protected class were treated more favorably or the action occurred under circumstances that could give rise to an inference of intentional discrimination." *Langley v. Merck & Co.,* 186 Fed Appx. 258 (3d Cir. 2006) (citing *McDonnell Douglas Corp. v. Green,* 36 L. E.D. 29 668 (1973). See also *Makky v. Chertoff,* 542 F.3d 205, 214 (3d Cir. 2008).

25. The same legal standards apply to Title VII and PHRA claims. *Connelly v. LaneConstr. Corp.*, 809 F.3d 780, 791 (3d Cir. 2016) (citing *Goosby v. Johnson & Johnson Med., Inc.*, 228 F.3d 313, 317 (3d Cir. 2000)). Further, the same standards apply to claims under Title VII and the PHRA on a summary judgment motion. *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410 (3d Cir. 1999). Accordingly, the Court's analysis of the Title VII claims also applies to the PHRA claims. *Phillips v. Septa*, CIVIL ACTION NO. 16-0986, 6-7 (E.D. Pa. Feb. 12, 2018).

26. Pennsylvania courts have determined that an adverse employment action is "an action by an employer that is serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment." *Jones v. SEPTA,* 796 F.3d 323, 326 (3d Cir. 2015) (quoting *Storey v. Burns Int'l Sec. Serv.,* 390 F.3d 760, 764 (3d Cir. 2004)).

27. Under Title VII, for other employees to be considered "similarly situated," they must have "engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it," *Morales v. Pnc Bank, N.A.,* 2012 U.S. Dist. LEXIS 143605 *23 (E.D. Pa. 2012).

28. Pennsylvania courts have held that comparison factors for "similarly situated employees" have included "dealing with the same supervisor, having been subject to the same standards, and engaging in the same conduct without differentiating and mitigating circumstances." *Id*.

29. A plaintiff may also satisfy the fourth element by "showing other circumstances that give rise to an inference of unlawful discrimination." *Senador v. Zober Indus.,* 2009 U.S. Dist. LEXIS 36059 *9 (E.D. Pa. 2009).

30. As a female, and a grandmother with full custody of her grandchildren, Ms. Isabella is a member of a protected class under Title VII due to her gender and familial status.

31. Ms. Isabella was highly qualified for her position with All-State as she worked with All-State for over twenty years. Throughout this time, Ms. Isabella never received a negative performance review.

32. Ms. Isabella suffered an adverse employment action when she was not brought back from furlough while similarly situated coworkers of a different gender and/or familial status were brought back from furlough and even replaced Ms. Isabella's position.

33. Ms. Isabella was informed by her coworker, Ms. Lavanen, that when All-State discussed bringing employees back from furlough, Ms. Isabella's familial status and age were identified as negative characteristics and were determinative in the decision not to bring Ms. Isabella back from furlough.

34. Ms. Blazanin further informed Ms. Isabella that All-State asserted that "the [grandchildren] would be a problem" insofar as Ms. Isabella's availability was concerned.

35. These comments demonstrate the discriminatory nature of the demotion.

36. All-State's discrimination and disparate treatment of Ms. Isabella, because of her gender and familial status, were undertaken intentionally and with reckless indifference to Ms. Isabella's federally protected right to be free from discrimination in employment decisions based upon her gender and familial status.

37. As a direct and proximate result of the aforementioned conduct, Ms. Isabella suffered actual damages, including, but not limited to, lost wages, emotional distress all in the past present and future.

WHEREFORE, Plaintiff hereby requests this Honorable Court consider the above and grant relief in her favor. Specifically, Plaintiff requests this Court award her back pay, front pay, any other compensatory and punitive damages as calculated by the Court, pre-judgment and continuing interest as calculated by the Court, costs, and reasonable attorney's fees.

## COUNT II
## DISCRIMINATION IN VIOLATION
## OF THE ADEA AND THE PHRA

38. Ms. Isabella incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

39. Under the Age Discrimination in Employment Act (hereinafter "ADEA") it is unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C.S. §623(a)(1).

40. According to the Third Circuit, "the implicated provisions of the ADEA and PHRA [apply identically] and [are governed] by the same set of decisional law." *Fasold v. Justice*, 409 F.3d 178 (3d Cir. 2005).

41. The ADEA defines an "employer" as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . [or] any agent of such a person." 29 U.S.C.S. §630(b).

42. Under the ADEA, "statutory protection from discrimination extends to individuals who have reached the age of forty." *United States EEOC v. Court of Common Pleas*, 62 F. Supp. 3d 428, 436 (W.D. Pa. 2014 (citing 29 U.S.C.S. §631(a)).

43. To establish a *prima facie* case of age discrimination, a plaintiff must show that: "(1) the plaintiff is at least forty years old; (2) the plaintiff suffered an adverse employment decision; (3) the plaintiff was qualified for the position in question; and (4) the plaintiff was ultimately replaced by another employee who was sufficiently younger so as to support an

8

inference of a discriminatory motive." *Willis v. UPMC Children's Hospital of Pittsburgh*, 808 F.3d 638 at 644 (3rd Cir. 2015).

44. At all times relevant hereto, Ms. Isabella was over forty years old and was highly qualified for the position in question given her experience of over twenty years.

45. Ms. Isabella suffered an adverse employment action in the form of not being brought back from furlough and being replaced by younger employees.

46. As stated previously, Ms. Isabella's coworker informed Ms. Isabella that when All-State discussed bringing employees back from furlough, Ms. Isabella's familial status and age were identified as negative characteristics and were determinative in the decision not to bring Ms. Isabella back from furlough.

47. Ms. Isabella's age being recognized as a negative characteristic illustrates the discriminatory animus of All-State.

48. As set forth hereinabove, the All-State's actions were intentional, knowing, wanton, willful, and so outrageous as to shock the conscience.

WHEREFORE, Plaintiff, Angela Isabella hereby requests this Honorable Court consider the above and grant relief in her favor. Specifically, Plaintiff requests this Court award her back pay, front pay, liquidated damages as calculated by the Court, pre-judgment and continuing interest as calculated by the Court, costs, and reasonable attorney's fees and costs.

**JURY TRIAL DEMANDED**

                                                Respectfully submitted,

                                                **J.P. WARD & ASSOCIATES, LLC**

Date: October 14, 2021                    By: */s/ Joshua P. Ward*
                                                Joshua P. Ward (Pa. I.D. No. 320347)
                                                Kyle H. Steenland (Pa. I.D. No. 327786)

                                                J.P. Ward & Associates, LLC
                                                The Rubicon Building
                                                201 South Highland Avenue
                                                Suite 201
                                                Pittsburgh, PA 15206
                                                Counsel for Plaintiff